ORIGINAL

# In the United States Court of Federal Claims

No. 12-910C

(Filed: August 15, 2013)

(NOT TO BE PUBLISHED)

FILED

AUG 15 2013

U.S. COURT OF
FEDERAL CLAIMS

```
*************************************  )
                                       )
SAMY GHARB,                            )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )
                                       )
UNITED STATES,                         )
                                       )
            Defendant.                 )
                                       )
*************************************
```

Samy Gharb, *pro se*, Zürich, Switzerland.

Scott Bolden, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Stuart F. Delery, Principal Deputy Assistant Attorney General, and John J. Fargo, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

Samy Gharb seeks to recover damages from the United States ("the government") for alleged infringement of United States Patent No. 6,552,654 ("'654 patent"). The patent is entitled "Security System with a Mobile Telephone" and pertains to a security system employing programmable logic controllers ("PLCs") and the global system for mobile communications ("GSM") to sense intrusions into vehicles. This is one of five cases filed by Mr. Gharb in this court against the government alleging infringement of the '654 patent.[1] In this case, Mr. Gharb

---

[1] The other cases have been docketed as Nos. 12-911C, 12-913C, 13-89C, and 13-100C. The last-filed case has been dismissed for failure to state a claim. *See Gharb v. United States*,

1

claims that Unitronics (1989) (R"G) Ltd. and Unitronics, Inc. (collectively "Unitronics"), manufacturers of PLCs, have infringed the '654 patent and that the federal government is liable for damages under 28 U.S.C. § 1498(a) and other statutes. Compl. at 3.[2] In earlier litigation between Unitronics and Mr. Gharb over the '654 patent, Unitronics obtained a ruling that it did not infringe the patent. *See Unitronics (1989) (R"G) Ltd. v. Gharb*, 511 F. Supp. 2d 123 (D.D.C. 2007), *aff'd*, 318 Fed. Appx. 902 (Fed. Cir. 2008).

Pending before the court is the government's motion to dismiss pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").[3] For the reasons set forth below, the government's motion is granted and plaintiff's complaint is dismissed.

## BACKGROUND

The '654 patent was granted on April 22, 2003, but it expired on April 22, 2007. *See Unitronics (1989) (R"G) Ltd. v. Gharb*, 532 F. Supp. 2d 25, 26 (D.D.C. 2008) ("Mr. Gharb allowed his patent to expire by failing to pay the required maintenance fees.").

The prior *Unitronics* litigation has a direct bearing on this case. In 2006, after learning that certain of Unitronics' PLCs[4] communicate using the Global Sytem,[5] Mr. Gharb accused Unitronics and its distributors of infringing upon his patent. *See Unitronics*, 318 Fed. Appx. at

---

No. 13-100C, Unpublished Opinion and Order (June 26, 2013), ECF No. 17. The other cases remain pending.

[2]Section 1498(a) of Title 28 provides in pertinent part:

Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

28 U.S.C. § 1498(a).

[3]The government also invokes RCFC 41(b) as a ground for dismissal, arguing that Mr. Gharb's complaint violates this court's rules because the complaint consists of 109 pages of allegations and exhibits that are not well organized. *See* Def.'s Mot. to Dismiss Pl.'s Compl. at 4 (citing the "short and plain statement" requirements of RCFC 8(a)). Mr. Gharb is proceeding *pro se*, and in light of his status, this ground for dismissal is rejected because the court can decipher his claim.

[4]PLCs are computer devices used in industrial control systems. *See Unitronics*, 511 F. Supp. 2d at 126.

[5]The Global System or "GSM" refers to cellular communication networks by which information is conveyed to mobile telephones. *See Unitronics*, 511 F. Supp. 2d at 126.

2

903. Unitronics subsequently requested, and was granted, a declaratory judgment of noninfringement from the United States District Court for the District of Columbia. *Unitronics*, 511 F. Supp. 2d at 126. In December of 2008, the district court issued a permanent injunction prohibiting Mr. Gharb from "bringing suit under [the '654 patent] against Unitronics or Unitronics' customers based on their manufacture, use, sale, offers to sell, or importation of PLCs." *Unitronics*, 532 F. Supp. 2d at 27-28.

Mr. Gharb appealed to the United States Court of Appeals for the Federal Circuit, which affirmed, finding that Unitronics did not infringe Mr. Gharb's patent. *See Unitronics*, 318 Fed. Appx. at 905. The court addressed Mr. Gharb's contention that "any PLC that is able to communicate over the GSM network infringes his patent, because part of his patent discloses PLCs communicating over GSM." *Id.* at 904. The Federal Circuit concluded that Mr. Gharb's assertion was "premised on an incorrect understanding of the law." *Id.* Mere sale of PLCs that communicate using the Global System does not constitute infringement of the '654 patent. *Id.* at 905 (citing *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005)). To prove infringement, Mr. Gharb was required to show that Unitronics' devices met all of the limitations of the broadest claim of the '654 patent, claim 1, which describes "a security system for monitoring objects." *Id.* at 904. Because there was "no evidence in the record suggesting that Unitronics made or sold any type of security system at all," the Federal Circuit found summary judgment of noninfringement in favor of Unitronics to be appropriate. *Id.* at 905.[6]

## STANDARD FOR DECISION

A complaint will survive a motion to dismiss for failure to state a claim if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering such a motion, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

Unlike factual allegations, however, legal conclusions and "recitals of the elements of a cause of action" are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The court first sets aside any conclusory or formulaic components of a plaintiff's complaint and then determines whether the factual allegations that remain "plausibly suggest an entitlement to relief." *Id.* at 681; *see also Bussie v. United States*, 96 Fed. Cl. 89, 95

---

[6]The Federal Circuit's affirmance of noninfringement in the *Unitronics* case has not deterred Mr. Gharb from initiating patent infringement actions against various other manufacturers of PLCs. *See, e.g., Gharb v. Mitsubishi Elec. Automation, Inc.*, No. 10 C 07204, 2012 WL 1986435 (N.D. Ill., June 4, 2012); *Gharb v. Schneider Elec. SA*, No. 10 C 7637, 2011 WL 6156746 (N.D. Ill., Dec. 12, 2011); *Gharb v. Rockwell Automation*, No. 11-cv-405, 2011 WL 5373989 (N.D. Ill., Nov. 4, 2011). Mr. Gharb's complaints in these cases were functionally identical to those in the District Court for the District of Columbia and Federal Circuit and, as a result, were all dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3

(2011) (describing *Iqbal's* two-pronged approach to evaluating the sufficiency of a complaint), *aff'd*, 443 Fed. Appx. 542 (Fed. Cir. 2011).

## ANALYSIS

Construing Mr. Gharb's complaint as liberally as possible in his favor, his complaint falls far short of the factual allegations necessary to support a facially plausible claim of infringement against the government. Mr. Gharb has yet again brought an infringement claim premised entirely on the sale of PLCs that use the Global System for cellular communications, despite the Federal Circuit's explicit statement in its prior opinion that such allegations are insufficient to state a claim for infringement of the '654 patent. *See Unitronics*, 318 Fed. Appx. at 905 ("[A] PLC communicating over GSM alone would not infringe the '654 patent.").

Additionally, the complaint contains no facts to support an inference that Mr. Gharb has a plausible claim against the United States for infringement under 28 U.S.C. § 1498. Mr. Gharb does not allege that the United States manufactured or purchased devices that infringe the '654 patent. In fact, Mr. Gharb mentions the government only twice in his 109-page complaint, once as one of forty-two defendants and a second time when he states "[t]he [g]overnment is directly liable for infringement by its contractors." Compl. at 54.[7] Legal conclusions such as these are not adequate to state a claim for relief. *Iqbal*, 556 U.S. at 678. Because the court cannot draw a reasonable inference that the United States is liable for patent infringement, Mr. Gharb's complaint fails to state a claim under 28 U.S.C. § 1498(a) as a matter of law.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss pursuant to RCFC 12(b)(6) is GRANTED. The Clerk's Office is directed to enter judgment in accord with this disposition.

No costs.

It is so ORDERED.

Charles F. Lettow
Judge

---

[7]Mr. Gharb adds in his Sur-Reply filed June 13, 2013, the assertion that "Unitronics ha[s] many contracts with the US government." Pl.'s Sur-Reply to Def.'s Mot. to Dismiss at 2. Whether or not that asseveration is accurate, Mr. Gharb points to no contract by which Unitronics has supplied products that infringe his patent. Furthermore, if the federal government were a customer of Unitronics, the permanent injunction entered by the District Court for the District of Columbia protects the company's customers from such suits by Mr. Gharb. *See Unitronics*, 318 Fed. Appx. at 903.

4